QUAKER STATE OIL REFINING COR-
PORATION, Plaintiff-Appellee,

v.

KOOLTONE, INC., Therm-X Industries
Inc., and Therm-X Chemical and Oil
Corp., Defendants-Appellants.

No. 628, Docket 80–7797.

United States Court of Appeals,
Second Circuit.

Argued April 2, 1981.

Decided April 10, 1981.*

Opinion May 11, 1981.

Robert G. Del Gadio, Garden City, N. Y.,
for defendants-appellants.

---

* This appeal was originally heard on April 2,
1981, and was decided by order dated April 10,
1981. Such a summary disposition has no
precedential value under our Local Rule § 0.23.
Counsel for appellee, however, has requested
that the April 10 order be published, so that it
can be relied upon in other similar cases. Ac-
cordingly, we have decided to repeat the sub-
stance of our April 10 order in this per curiam
opinion, which will be published.

Harold Haidt, New York City (Brooks, Haidt, Haffner & Delahunty, New York City, Charles G. Mueller, Edward G. Fenwick, Jr., B. Parker Livingston, Jr., Mason, Fenwick & Lawrence, Washington, D. C., Gerald W. Callahan, Oil City, Pa., of counsel), for plaintiff-appellee.

Before FEINBERG, Chief Judge, Van GRAAFEILAND, Circuit Judge and MALETZ, Judge, United States Court of International Trade.**

PER CURIAM:

Kooltone, Inc., Therm-X Industries, Inc., and Therm-X Chemical and Oil Corp. appeal from a judgment of the United States District Court for the Eastern District of New York after a jury trial before George C. Pratt, J. Quaker State Oil Refining Corporation sued appellants for, inter alia, trademark infringement, unfair competition by means of simulation of trade dress, false description of the nature and quality of their merchandise, and dilution of trademark value. The gravamen of the complaint was that appellants had imitated characteristics of the cans in which Quaker State sold its brand of motor oil, misleading potential Quaker State customers and injuring Quaker State's business and reputation. Appellants filed a counter-claim against Quaker State alleging violation of the antitrust laws, unfair competition and malicious prosecution, but these were dismissed either before trial or before the case was submitted to the jury. The jury then made detailed findings, in a special verdict, under which Quaker State was awarded $30,000 in appellants' profits to be returned, $2 in compensatory damages, and $55,000 in punitive damages. Quaker State later moved for attorney's fees, which Judge Pratt granted in the sum of $50,000.

■ Although appellants press numerous arguments in their brief, their appeal is completely without merit. Appellants argue that Quaker State's claims for damages

should have been dismissed for want of sufficient proof. Appellants claim that since no estimate of their profits was ever adduced at trial, Quaker State failed to establish any basis for the $30,000 jury award on this point. However, the statute governing damages awards in trademark infringement cases specifically states that "In assessing profits the plaintiff shall be required to prove defendant's sales only; defendant must prove all elements of cost or deduction claimed." 15 U.S.C. § 1117. From the testimony of appellants' own corporate officer, Roth, the jury could have found that appellants enjoyed sales of at least $833,000 during the infringement period; appellants proved no "elements of cost or deduction." Under the circumstances, the award of $30,000 was not improper.

■ Appellants further argue that Judge Pratt erred in awarding attorney's fees to Quaker State, contending that this was not an "exceptional case[ ]" justifying such an award under 15 U.S.C. § 1117. Appellants concede, as they must, that their infringement was found to be "deliberate and willful" by the jury, but they assert that this finding is per se insufficient to warrant award of attorney's fees. This is incorrect, see *Kiki Undies Corp. v. Promenade Hosiery Mills, Inc.*, 411 F.2d 1097, 1101 (2d Cir. 1969), cert. dismissed, 396 U.S. 1054, 90 S.Ct. 707, 24 L.Ed.2d 698 (1970); *West & Co. v. Arica Institute, Inc.*, 194 U.S.P.Q. 32, 37 (S.D.N.Y.1976) ("bad faith" showing can render cases "exceptional," justifying award of attorney's fees). Under § 1117, trial judges are given considerable discretion in awarding reasonable attorney's fees; we have no doubt that Judge Pratt exercised his discretion properly.

■ Appellants also argue that the trial judge erred in submitting to the jury the issue of punitive damages, because appellants were allegedly given no notice that Quaker State sought such damages. It is true that plaintiff's complaint did not specifically mention punitive damages, al-

** Honorable Herbert N. Maletz, Judge, United States Court of International Trade, sitting by designation.

though it did seek "such other and further relief as the nature of the case may require...." Moreover, the complaint did make clear that more than single compensatory damages was sought. And finally, appellants failed to object specifically to the instruction on punitive damages after the judge gave it. Cf. Fed.Rules Civ.Proc. 51. Under the circumstances, we find that appellants had sufficient notice of their vulnerability to an award of punitive damages.

Appellants advance other grounds for reversal of the judgment rendered below, but they are all without merit. Accordingly, we affirm the judgment of the district court.