**BERKSHIRE FASHIONS,
INC., Plaintiff,**

v.

**SARA LEE CORPORATION,
Defendant.**

No. 88 CIV 4197 (KC).

United States District Court,
S.D. New York.

Jan. 18, 1990.

Doreen J. Costa and Parker Bagley, Brumbaugh, Graves, Donohue & Raymond, New York City, for plaintiff.

James Swire, Gary M. Gertzog and Wendy Ravitz, Townley & Updike, New York City, for defendant.

## ORDER

CONBOY, District Judge:

The Court has before it a motion by Berkshire pursuant to Rule 59 of the Federal Rules of Civil Procedure to amend the Judgment herein, 725 F.Supp. 790, dated November 29, 1989, and a motion by Sara Lee for attorney's fees pursuant to Section 35 of the Lanham Act; and under New York General Business Law.

In affirming the Trademark Trial and Appeal Board in finding a likelihood of confusion between Sara Lee's SHEER EN-ERGY and ENERGIZER marks and Berkshire's ENERGIZER mark, we found actual confusion in the marketplace between and among the rival products, and further credited the trial evidence of Sara Lee that established a high degree of consumer confusion based upon survey analysis. Accordingly, the Court's final judgment required the destruction of the infringing materials in Berkshire's inventory. Berkshire, conceding that an over-labeling procedure on the offending packaging is not practical, now urges the Court to allow it to continue to market the infringing packaging until its inventory is exhausted. With-

out any reference to the public interest and the integrity of the marketplace that are the principal concerns of the Lanham Act, Berkshire bases its argument on the dubious ground that Sara Lee should have sought a preliminary injunction earlier in the litigation, thus sparing Berkshire the temptation of building an inventory and dealing on a gamble in the market. Further, the Court was uninformed, we are advised, of the hardship that its order entails for Berkshire.

On the first point, the Court can muster little sympathy for Berkshire. As the record in this almost interminable litigation makes clear, Berkshire is not a simple *naif,* afoot in a hostile wood of commercial wolves. It has twice before, in unrelated cases, one of which was before Judge Weinfeld, been found guilty of highly questionable marketplace practices associated with the improper use of trademarks. In the matter before us, it took the calculated risk, with presumably the full warning of counsel, of investing in packaging which was aggressively being challenged in the Courts by Sara Lee, and it did this with respect to current inventory, presumably *after* the Trademark Trial and Appeal Board had ruled against Berkshire. We decline to ameliorate the consequences of Berkshire's own folly at the expense of the consumer and the marketplace, which by the terms of our ruling are entitled to the measure imposed.

On the second point, the Court's asserted lack of understanding of the hardship entailed in the order, we observe that counsel concedes that Berkshire put in *no* evidence during the trial, of hardship associated with the destruction of the offending inventory of packaging materials. Pl. Reply Mem. 2–3. It now places before us a single, two sentence paragraph contained in an affidavit by Isaac R. Dweck, a principal of Berkshire, on the issue of hardship. He claims, with no supporting documentation, analysis or precision, that there are on hand "hundreds of thousands of ENERGIZER gloves and slippers" and that it would cost "approximately $500,000" to create new packaging, repack the goods, and destroy the existing packaging. Dweck Aff., Affidavit of Issac R. Dweck,

sworn to December 14, 1989, at ¶ 2. This is hardly adequate since the numbers suggest generalization, and of course no attention is paid to the profits obtained by Berkshire during its years of unchecked infringement of Sara Lee's marks.

This evidence, belated as it is, is largely worthless, not only because it is wholly lacking in detail, but more significantly, because it does not address the question of hardship in either relative or absolute terms. We note that Berkshire's position seems to suggest that its inventory of gloves and slippers, sans packaging, would remain an asset on the company's books, whether or not the injunction was modified. Hence, we are left to draw the inference that Berkshire intends to design new packaging for its slipper and glove lines once its present inventory of offending packaging materials is either exhausted or destroyed. If such is the case, it is disingenuous to suggest that the cost of creating and manufacturing new packaging, undoubtedly the lion's share of the putative $500,000 hardship, would be the consequence of the Court's refusal to allow a 90 day sell-off use of the offending packaging. In any case, we are thrown back upon such tentative reflections as a consequence of the ludicrously superficial showing of hardship made by Berkshire.

Accordingly, Berkshire's motion to amend the judgment is denied.

■ Sara Lee seeks an attorneys' fee award of $318,515.00, a remarkable claim in view of the fact that the trial lasted only five days and was preceded by less than a week of depositions. We further observe that the extensive litigation and record before the Trademark Trial and Appeal Board conducted, developed and assembled by a predecessor law firm, significantly simplified the tasks of counsel in the case before us.

We find that this case is not "exceptional" within the meaning of Section 35 of the Lanham Act, 15 U.S.C. § 1117(a). We have already concluded, as did the Trademark Trial and Appeal Board, that Berkshire did not act in bad faith, and that it relied upon the guidance and advice of counsel. We further found Berkshire not guilty of false

advertising, as claimed by Sara Lee throughout the trial, and upon which very little evidence was adduced by Sara Lee. We also note that Sara Lee neither claimed nor proved any monetary damages in this case. Although we have expressed some reservations with respect to certain aspects of Berkshire's line of proof, and with its conduct in other cases, we have not and cannot conclude that the infringements found in this case were malicious, fraudulent, deliberate or wilful, in the sense that those terms have been used in the relevant cause authority in this Circuit. *See West & Co. Inc. v. Arica Institute, Inc.*, 194 U.S. P.Q. 32 (S.D.N.Y.1976), *aff'd per curiam*, 195 U.S.P.Q. 466, 557 F.2d 338 (2d Cir 1977); *Lambda Electronics v. Lambda Technologies, Inc.*, 515 F.Supp. 915 (S.D.N. Y.1981); *Playboy Enterprises v. Chuckleberry Pub., Inc.*, 511 F.Supp. 486 (S.D.N.Y. 1981); *Quaker State Oil Refining Corp. v. Kooltone, Inc.*, 649 F.2d 94 (2d Cir.1981); *Centam Communications v. A/S/M Communications*, 830 F.2d 1217 (2d Cir.1987).

Accordingly, Sara Lee's application for attorneys' fees under the Lanham Act is denied.

 With respect to Sara Lee's request for attorneys' fees under Section 349(h) of the General Business Law, the Court declines to exercise its discretion and denies the fee application under the statute, in that no adequate showing has been made by Sara Lee that justice and equity require an award of attorneys' fees in this case. We further note that both parties totally ignored Sara Lee's Section 349(b) claim during the trial and in their post trial submissions, and to predicate an attorneys' fee award upon it, in light of having denied it under the Lanham Act, would be grossly unfair. It is, accordingly, denied.

In sum, the motion of Berkshire to amend the judgment and the motion of Sara Lee for attorneys' fees are both denied.

SO ORDERED.