**MIRAGE RESORTS, INC., Plaintiff,**

v.

**CYBERCOM PRODUCTIONS, et al., Defendants.**

**No. CV–S–01–0682–RLH LRL.**

United States District Court, D. Nevada.

Oct. 15, 2002.

John Krieger, Michael McCue, Quirk & Tratos, Las Vegas, NV, for Plaintiff.

## ORDER

HUNT, District Judge.

Before the Court is Plaintiff's **Motion for Default Judgment** (# 27), filed August 29, 2002.

## BACKGROUND

This action arises out of allegations that Defendants were using, without authorization, Plaintiff's trademark name "Golden Nugget" in a domain name for a pornographic website with links to an online casino—wholly independent of, and without appurtenance to, Plaintiff's business enterprise. Plaintiff sought, and was granted, a preliminary injunction of Defendants' use of that domain name. In the current motion for default judgment, Plaintiff seeks a permanent injunction, consequential, compensatory, statutory, and punitive damages, and attorney's fees.

## DISCUSSION

Receiving no opposition from Defendants, Plaintiff's request for a permanent injunction is granted.

As to damages, Plaintiff seeks $1000 to reimburse their prospective costs for corrective advertising. In *Adray v. Adray-Mart Inc.*, the Ninth Circuit not only approved awarding prospective costs for corrective advertising, but placed the burden for showing that such an award amounts to overcompensation on the "wrongdoer." 76 F.3d 984, 988–89 (1995). Since Plaintiff's request goes uncontested and appears reasonable, it is granted.

Additionally, Plaintiff seeks statutory damages under 15 U.S.C. § 1117 of $100,000. In cases involving cyberpiracy, violations of 15 U.S.C. § 1125(d)(1), section 1117(d) allows a plaintiff to elect statutory damages of an amount between $1000 and $100,000, to be determined by the court, per domain name pirated. Plaintiff's undisputed allegations establish cyberpiracy under section 1125(d)(1) and allow it the option under section 1117(d). The Court finds $100,000 to be a just award and grants statutory damages in that amount to Plaintiff.

Remaining for the court to consider is Plaintiff's request for attorney's fees. Section 1117(a) gives the Court discretion to award reasonable attorney's fees in "exceptional cases." The term "exceptional cases" is generally accepted to mean cases in which trademark infringement is "deliberate and willful." *See Playboy Enterprises, Inc. v. Baccarat Clothing Co., Inc.*, 692 F.2d 1272, 1276 (9th Cir.1982) (citing *Quaker State Oil Refining Corp. v. Kooltone, Inc.*, 649 F.2d 94 (2d Cir.1981)). The Court finds Defendants' infringement de-

liberate and willful thereby making Plaintiff eligible to receive attorney's fees.

Pursuant to Local Rule 54–16, Plaintiff provided the Court with the requisite itemization and summary of information relevant to determining an award of attorney's fees and the Court is satisfied. Plaintiff's are hereby awarded attorney's fees and costs in the amount of $13,762.51.

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Plaintiff's Motion for Default Judgment (# 27) is GRANTED.

ACCORDINGLY, IT IS ORDERED that Defendant Cybercom, its employees, agents, representatives, and all others in active concert or participation with it, are hereby permanently enjoined from using Mirage Resorts's trademarks, including use of the words "Golden Nugget," singularly or in conjunction with other words including as domain names, meta tags, and on the Internet. They are also permanently enjoined from registering any other domain names that contain Mirage Resorts's trademarks or variations thereof.

IT IS FURTHER ORDERED that the registration for <goldennugget2000.com> be forfeited by Defendant and permanently transferred to Plaintiff.

IT IS FURTHER ORDERED that the current registrar of the <goldennugget2000.com> domain name shall effectuate the domain name transfer, transferring the registration of the <goldennugget2000.com> domain name to Plaintiff.

IT IS FURTHER ORDERED that Defendant pay Plaintiff nominal damages for corrective advertising of $1,000.00.

IT IS FURTHER ORDERED that Defendant pay Plaintiff statutory damages of $100,000.00.

IT IS FURTHER ORDERED that Defendant pay Plaintiff's attorney fees and costs in the amount of $13,762.51.

IT IS FURTHER ORDERED that jurisdiction of this case shall be retained by this Court for the purpose of enforcing this judgment.