**AMERICAN HONDA MOTOR CO.,
INC., Plaintiff–Appellant,**

v.

**TWO WHEEL CORPORATION,
Defendant–Appellee.**

No. 66, Docket 90–7212.

United States Court of Appeals,
Second Circuit.

Argued Sept. 12, 1990.

Decided Nov. 14, 1990.

J. Donald McCarthy, Los Angeles, Cal. (Robert W. Dickerson, Kenneth H. Ohriner, Lyon & Lyon, Los Angeles, California, Thomas A. O'Rourke, Wyatt, Gerber, Burke & Badie, New York City, of counsel), for plaintiff-appellant.

Andrew M. Axler, Kew Gardens, N.Y., for defendant-appellee.

Before KAUFMAN, WINTER and MINER, Circuit Judges.

WINTER, Circuit Judge:

This case involves an application of 15 U.S.C. § 1117(a) (1988), the statutory provision governing recovery for violation of trademark rights. Pursuant to Section 1117(a), the district court awarded appellant American Honda Motor Company, Inc. ("American Honda") $1,000 in damages, an award based upon the profits from trademark-infringing sales of Honda products by appellee Two Wheel Corporation ("Two Wheel"), a former authorized retail dealer. American Honda argues that it is entitled to the gross revenue from Two Wheel's infringing sales, not just Two Wheel's profits, because Two Wheel failed to prove its costs as required by Section 1117(a).

Although the statute does place upon the infringing defendant the burden of proving its costs once a trademark plaintiff has proved gross sales, the evidence of costs in the instant case was sufficient, because American Honda itself determined and received (either directly or as an offset to Two Wheel's claims) a very sizeable portion of Two Wheel's costs, namely the wholesale price. We also reject American Honda's claims for prejudgment interest and increased attorneys' fees.

## BACKGROUND

American Honda, a California corporation, is the exclusive distributor in the United States of Honda motorcycles, "all-terrain" vehicles, motorscooters, and power equipment. It has established a nationwide network of authorized retail dealers to sell and service these products. For many years Two Wheel, doing business as "Honda of Mineola," served as an authorized Honda dealer in Mineola, New York. As an authorized dealer, Two Wheel entered into a series of four substantially identical dealer agreements (one each for motorcycles, all-terrain vehicles, motorscooters, and power equipment) with American Honda. These agreements granted Two Wheel a nonexclusive right to sell and service Honda products and to use and display Honda trademarks in connection with its business, so long as it remained an authorized dealer. Upon termination of the dealership agree-

ments, Two Wheel agreed to cease selling or servicing Honda products and to discontinue all use of Honda trademarks. In the event that Two Wheel continued to use Honda trademarks after termination, the agreements expressly provided that "[Two Wheel] shall reimburse American Honda for all costs, attorneys' fees and other expenses incurred by American Honda in connection with any action to require [Two Wheel] to comply therewith."

In July 1986, pursuant to a settlement agreement arising out of prior litigation, the parties agreed to cancel the four dealership agreements effective October 15, 1987. Although the agreements were on the verge of expiration, Two Wheel placed orders with American Honda for various Honda products on October 6, 12 and 15, 1987. American Honda shipped these orders C.O.D., but Two Wheel was somehow able to take possession without paying. Two Wheel then refused to pay for the vehicles on the ground that American Honda owed it money for various parts returned in accordance with termination of the dealership. After the October 15 expiration date, Two Wheel continued to represent itself as an authorized Honda dealer and to make use of various Honda trademarks in selling Honda products.

On December 1, 1987, American Honda commenced the instant action in the Eastern District of New York, alleging false designation of origin and false description, trademark infringement, unfair competition, and false advertising under 15 U.S.C. §§ 1051–1127. It also asserted various pendent state claims, including dilution and breach of contract resulting from continued use of trademarks after cancellation of the dealer agreements and failure to pay for goods sold and delivered. Two Wheel mounted no significant defense to the federal claims and consented to a permanent injunction, entered by Judge Raggi on January 19, 1988, prohibiting it from selling new Honda products, using Honda trademarks, representing itself as an authorized Honda dealership, and otherwise unfairly competing with American Honda. The case was then assigned by agreement of the parties to Magistrate Jordan for trial.

In March 1989, again substantially without opposition by Two Wheel, the magistrate granted American Honda partial summary judgment on the issues of false designation of origin and false description, 15 U.S.C. § 1125(a), trademark infringement, 15 U.S.C. §§ 1051–1127, and unfair competition, injury to business reputation, false advertising, and breach of contract under New York law. With the issues of liability thus resolved, only the award of damages, costs, and attorneys' fees remained to be decided at trial.

The magistrate held a bench trial in October 1989. The parties stipulated that American Honda's claim for payment and interest on the October 1987 C.O.D. orders was offset exactly by credit owed to Two Wheel for parts returned. On the only remaining damages issue, that for violation of federal trademark laws, the magistrate found that American Honda had sustained no actual damages as a result of Two Wheel's actions, but awarded American Honda a sum equal to Two Wheel's profits on the infringing sales in accordance with 15 U.S.C. § 1117(a).

In calculating Two Wheel's profits, the magistrate found $36,046 in sales of Honda products during the period in question, October 15, 1987 through January 7, 1988, based on data introduced into evidence by American Honda. He subtracted from this an estimate of the costs associated with the sales, computed by assigning to the sales a proportionate share of Two Wheel's total annual expenses, evidence again introduced by American Honda. This method yielded a profit award of only $72.09, which was then increased to $1,000 at the discretion of the magistrate. The magistrate denied prejudgment interest.

Turning to attorneys' fees, the magistrate found that Two Wheel's only obligation to reimburse American Honda arose under the trademark protection provision of the dealer agreements. Two Wheel had not contracted to pay for attorneys' fees on the breach of contract claim involving the C.O.D. deliveries, and the magistrate declined to make any fee award for this

claim. Accordingly, he isolated for reimbursement only those legal costs that were attributable to prosecuting the trademark claim. He also denied recovery for work performed on issues "uncontested" by Two Wheel, as well as for what he determined to be duplicative or unnecessary expenses. The total award for attorneys' fees and costs was $16,760.49.

On appeal, American Honda claims that the magistrate erred (1) by accepting Two Wheel's evidence of costs associated with infringing sales in computing the profits award, (2) by denying prejudgment interest, and (3) by limiting attorneys' fees to the trademark issue only. We affirm.

## DISCUSSION

■ With respect to its trademark infringement claim, American Honda argues that it should be awarded the entire amount of the infringing sales, $36,046, because Two Wheel did not adequately prove its costs associated with those sales. In particular it objects to certain oral testimony that sought to approximate costs incurred in making the infringing sales. American Honda argues that this evidence should not have been admitted because Two Wheel had stated in its answers to American Honda's interrogatories that it had no records of costs.[1] Moreover, even if the evidence was admissible, American Honda argues, it was too vague and self-serving to meet a defendant's burden of proving costs.

The relevant statute, 15 U.S.C. § 1117(a), provides:

When a violation of any right of the registrant of a mark registered in the Patent and Trademark Office, or a violation under section 1125(a) of this title, shall have been established in any civil action arising under this chapter, the plaintiff shall be entitled ... to recover (1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action. The court shall assess such profits and damages or cause

the same to be assessed under its direction. In assessing profits the plaintiff shall be required to prove defendant's sales only; defendant must prove all elements of cost or deduction claimed. In assessing damages the court may enter judgment, according to the circumstances of the case, for any sum above the amount found as actual damages, not exceeding three times such amount. If the court shall find that the amount of the recovery based on profits is either inadequate or excessive the court may in its discretion enter judgment for such sum as the court shall find to be just, according to the circumstances of the case.

The statute thus allocates the initial burden of proving gross sales to the trademark plaintiff, and the subsequent burden of proving costs to the infringing defendant. *See Wesco Mfg., Inc. v. Tropical Attractions of Palm Beach, Inc.*, 833 F.2d 1484, 1488 (11th Cir.1987); *Quaker State Oil Refining Corp. v. Kooltone, Inc.*, 649 F.2d 94, 95 (2d Cir.1981) (per curiam). Ordinarily, a plaintiff that has proved the amount of infringing sales would be entitled to that amount unless the defendant adequately proved the amount of costs to be deducted from it. This sequence of proof thus places the burden of proving costs on the party with the superior access to such information, namely the infringing defendant. *See Wesco*, 833 F.2d at 1488.

The rationale for this sequence of proof is thoroughly undermined, however, in situations like the instant matter, where the trademark plaintiff has determined significant elements of the defendant's costs. The major portion of Two Wheel's costs associated with the infringing sales obviously was the wholesale price of the Honda products that were furnished directly by American Honda. Whether or not Two Wheel was able to produce receipts indicating the price of the products it bought from American Honda, American Honda set and received that price whether directly or as

---

1. A mystery in this overlitigated case is why the claim for the vehicles delivered C.O.D. (compromised to offset Two Wheel's claim for parts returned) was not evidence of at least some costs.

an offset against monies owed to Two Wheel for returned parts. American Honda has at least equal access to that information. Moreover, if allowed to prevail, it would be paid twice for the vehicles simply because Two Wheel was unable to present cost data that originated with American Honda. Accordingly, American Honda would reap an undeserved windfall gain. *But see supra,* Note 1.

■ We thus hold that, under Section 1117(a), a trademark plaintiff who has proved infringing sales may not rely on the burden-shifting aspect of that section to recover that portion of revenue attributable to the sale price of products that it previously sold to the infringing defendant. In doing so, we violate neither the spirit nor the letter of Section 1117(a), which states in pertinent part, "If the court shall find that the amount of the recovery based on profits is either inadequate or excessive the court may in its discretion enter judgment for such sum as the court shall find to be just, according to the circumstances of the case." Where American Honda fixed and received the wholesale cost of the products that were the subject of Two Wheel's infringing sales, an award of the gross revenue derived from those sales would be clearly excessive. This conclusion is fortified by the fact that American Honda's trademark damages were minimal because the goods sold under the mark were genuine Honda products that had been purchased from American Honda.

■ Turning to the magistrate's net profit calculation, we find no error. *See Burndy Corp. v. Teledyne Industries,* 748 F.2d 767, 771–72 (2d Cir.1984). Applying Two Wheel's overall corporate ratio of Net Profit to Total Sales to the infringing transactions was just and proper where more specific cost data were unavailable and where American Honda knew the wholesale price of the goods in question. American Honda's arguments that two Wheel's nonresponsive answers to its interrogatories made it error to admit Two Wheel's oral testimony with respect to costs, and that such testimony was insufficient to prove costs, are misplaced because the profit figure accepted by the magistrate did not rely on this testimony. Indeed, the profit-to-sales ratio was generated using financial data presented by American Honda itself.

■ We dispose of American Honda's other arguments summarily. Although Section 1117(a) does not provide for prejudgment interest, such an award is within the discretion of the trial court and is normally reserved for "exceptional" cases. *See, e.g., Champion Spark Plug Co. v. Sanders,* 108 F.Supp. 674 (E.D.N.Y.1952), *aff'd,* 204 F.2d 125 (2d Cir.1953). The magistrate did not abuse his discretion in determining this case to be inappropriate for an award of prejudgment interest.

■ Finally, we reject American Honda's claim for increased attorneys' fees and costs, an area likewise largely within the discretion of the magistrate. Faced with a request for over $200,000 in fees and costs, the magistrate awarded $16,760.49. Part of the reduction resulted from his correctly limiting recovery to work performed on the trademark issue. Two Wheel's sole obligation to reimburse such fees was based on the dealer agreements, which provided American Honda a right to attorneys' fees only for work performed to protect its trademarks. Two Wheel incurred no obligations, contractual or otherwise, to reimburse American Honda for legal expenses associated with the C.O.D. delivery. The Magistrate was also entirely correct in denying expenses for the many hours billed by counsel that were unnecessary or duplicative. The records submitted by counsel clearly indicate that they overlitigated this case both by expending time that was not reasonably required to obtain an injunction and by expending yet more time pursuing a negligible trademark claim. This appeal is similarly baseless. American Honda is not entitled under its contract to shift these unnecessary costs to the defendant.

## CONCLUSION

Accordingly, the judgment of the district court is affirmed in all respects.