**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

BANCA DEL SEMPIONE,
Plaintiff-Appellant,

v.

PROVIDENT BANK OF MARYLAND,
Defendant-Appellee,

JEANNE FARNAN,
Party in Interest.

UNITED STATES COUNCILON
INTERNATIONAL BANKING,
INCORPORATED,
Amicus Curiae.

No. 94-2276

On Motion to Dismiss Suriel Finance, N.V.

Submitted: March 11, 1996

Decided: April 17, 1996

Before LUTTIG and WILLIAMS, Circuit Judges, and BUTZNER,
Senior Circuit Judge.

_____

Motion granted by unpublished per curiam opinion.

_____

**COUNSEL**

Warren Lewis Dennis, Alec W. Farr, Thomas H. Brock, PROS-
KAUER, ROSE, GOETZ & MENDELSOHN, Washington, D.C., for
Appellant. James Meriweather Smith, James T. Heidelbach, GEB-

HARDT & SMITH, Baltimore, Maryland, for Appellee. Richard A. Lash, BUONASSISSI, HENNING, CAMPBELL & MOFFETT, P.C., Fairfax, Virginia; William F. Connell, CONNELL & TAYLOR, New York, New York, for Amicus Curiae.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

In its petition for rehearing, Provident Bank of Maryland (Provident) moved to dismiss this action for lack of subject matter jurisdiction. Banca del Sempione (BDS) responded by moving to dismiss Suriel Finance, N.V. (Suriel), alleging that it was a dispensable party. We find that Suriel's presence in the case destroys diversity and that dismissal of Suriel is proper. We grant the motion to dismiss Suriel and deny the motion to dismiss this case for lack of jurisdiction.

BDS is a bank chartered under the laws of Switzerland, with its principal place of business in Lugano, Switzerland. Suriel is a foreign corporation organized under the laws of the Netherlands Antilles, with its principal place of business in the United States located in Vienna, Virginia. Provident is a bank chartered under the laws of Maryland, with its principal place of business in Baltimore, Maryland.

BDS brought this diversity action against Provident and Suriel under 28 U.S.C. §§ 1332, 2201, and 2202. Since Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267 (1806), courts have interpreted section 1332 to require complete diversity between all parties. Diversity jurisdiction exists between BDS and Provident under 28 U.S.C. § 1332(a)(2). Yet no diversity jurisdiction exists when BDS, an alien corporation, sues Suriel, another alien corporation. See, e.g., Corporacion Venezolana de Fomento v. Vintero Sales Corp., 629 F.2d 786, 790 (2d Cir. 1980).

2

With respect to the controversy between BDS and Provident, the parties, without questioning jurisdiction, engaged in discovery that produced an appendix of over 1,100 pages, full briefing, oral argument before the district court, and postargument briefing. After this expenditure of judicial resources, the district court granted summary judgment in favor of Provident against BDS. See Banca del Sempione v. Suriel Finance, N.V., 852 F. Supp. 417 (D. Md. 1994). On appeal this court reversed the district court's grant of summary judgment and remanded the case for trial. See Banca del Sempione v. Provident Bank of Maryland, 75 F.3d 951 (4th Cir. 1996).

In its petition for rehearing, Provident for the first time questioned the jurisdiction of the court. BDS responded with a motion to dismiss Suriel as a dispensable party. Provident answered that the case should be dismissed for lack of jurisdiction and that Suriel's dismissal would not remedy this defect without prejudicing Provident. Nevertheless, apparently recognizing that Suriel is dispensable, Provident seeks Suriel's dismissal if rehearing restores the district court's summary judgment in its favor. Provident alternatively seeks a remand to the district court for a decision on the jurisdictional issue.

Federal Rule of Civil Procedure 21 authorizes a district court to drop a party at any stage of the proceedings on such terms as are just. In Caperton v. Beatrice Pocahontas Coal Co., 585 F.2d 683, 691 (4th Cir. 1978), we observed: "There is, of course, sound authority for the view that non-diverse parties whose presence is not essential under Rule 19 may be dropped to achieve diversity between the plaintiffs and the defendants . . . ."

In Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 837 (1989), the Supreme Court held that a court of appeals has the authority to dismiss a dispensable, nondiverse party. The Court emphasized that such authority should be exercised sparingly. It cautioned that an appellate court should carefully consider whether a dismissal of the nondiverse party would prejudice any of the parties. As the Court observed, "the presence of the nondiverse party[may have] produced a tactical advantage for one party or another." 490 U.S. at 838.

In this case, there can be no doubt that Suriel is a dispensable party. In its complaint, BDS did not allege in any count that Provident and

3

Suriel were codefendants. BDS sued Provident to recover damages based on a letter of credit Provident issued. BDS's cause of action against Suriel was based on Suriel's breach of its obligation to repay a loan that BDS had made to Suriel. Suriel did not answer or otherwise defend the case, and the district court granted a default judgment against it in favor of BDS. Suriel did not appeal.

Provident bases its claim for dismissal for lack of jurisdiction on the allegation that BDS and Suriel conspired to defraud Provident. In Provident's view it will be prejudiced and BDS will be granted a tactical advantage at trial if the case is allowed to proceed. Provident also argues that factual disputes regarding prejudice should be resolved by the district court.

We perceive no reason for a remand. This case has been pending since November 6, 1991. Since that time, Provident has never filed a cross-claim or a third-party action against Suriel or a counterclaim against BDS. As far as the record discloses, Provident's difficulty arose primarily because one of its former vice presidents wrongfully disbursed cash collateral securing the letter of credit that Provident had issued at the request of its customer, Rock Solid Investments, Ltd. It was this customer that sought the disbursal of the collateral that it had posted, and Provident's former vice president acted to accommodate its customer. Provident's former vice president also wrote several letters that add to the controversy about the letter of credit. This court's opinion at 75 F.3d 951 narrates the facts giving rise to this suit.

In any event, some of Suriel's employees, BDS's employees, Provident's employees, its customer, and its former vice president are among the many witnesses concerning the letter of credit. Their testimony has been preserved by deposition. They may be called as witnesses in the trial that we ordered on remand. Dismissal of Suriel will not prejudice any of the parties. Provident will be afforded a full opportunity to present relevant evidence, if any, concerning its charges of fraud. The district court in effect removed Suriel from the case by granting a default judgment against it. Under these circumstances, it is appropriate for us to follow Newman-Green, 490 U.S. 826, and to dismiss Suriel, preserving diversity jurisdiction.

4

The motion to dismiss Suriel is granted. The clerk is directed to issue the mandate forthwith.

5