The **NEW KAYAK POOL CORPORATION**, Plaintiff–Appellant,

v.

**R & P POOLS, INC.**, doing business as Island Pools, Richard A. Gerspach and Paul J. Gerspach, Defendants–Appellees.

Docket No. 00–9077.

United States Court of Appeals, Second Circuit.

Argued Dec. 11, 2000.

Decided April 10, 2001.

Marilyn A. Hochfield, Buffalo, N.Y. (Kavinoky & Cook, LLP, of counsel), for Plaintiff–Appellant.

Lisa T. Sofferin, Buffalo, N.Y. (Brown & Kelly, LLP, of counsel), for Defendants–Appellees.

Before OAKES, CARDAMONE, and PARKER, Circuit Judges.

OAKES, Senior Circuit Judge:

The New Kayak Pool Corporation ("Kayak") moved for a preliminary injunction against R & P Pools, Inc. and two individual defendants (collectively "Island Pools"), alleging trademark infringement. The United States District Court for the Western District of New York, John T. Elfvin, *Judge,* denied the motion based on its conclusion that Kayak had failed to demonstrate the necessary likelihood of confusion arising from Island Pools's conduct. Because we find that the district court did not analyze the likelihood of confusion in this case under the test set forth in *Polaroid Corp. v. Polarad Elecs. Corp.,* 287 F.2d 492 (2d Cir.1961), we vacate the denial and remand for consideration of the *Polaroid* factors.

## BACKGROUND

In business since 1956, Kayak makes and markets a line of above-ground pools and accessories that are sold under the registered trademark "Kayak Pools." Island Pools is a marketer of above-ground pools and accessories, but is not an authorized dealer or distributor of Kayak products. Both companies do a substantial portion of their business through mail order catalogues, where the consumer makes a purchase based on the representations in the catalogue.

In 1993, Kayak sued Island Pools for, among other things, trademark infringement, false advertising, and deceptive business practices based on Island Pools's use of Kayak's name and mark in its catalogues. The claims were settled in 1995 and entered in a final judgment by the court. The judgment permanently enjoined Island Pools from using Kayak's name, mark, and logo in connection with swimming pools or accessories, as well as from palming off its goods as those of Kayak or causing a likelihood of confusion.

In November 1999, Kayak commenced the instant action based on Island Pools's Spring–Summer 1999 catalogue, which Kayak believed contained multiple violations of its trademark rights and of the 1995 judgment. In its suit, Kayak asserted claims of trademark infringement and unfair competition under the Lanham Act. Specifically, Kayak objected to Island Pools's use of Kayak's name in a manner implying that Island Pools sold Kayak parts and supplies, such as in the statement that appeared on the catalogue's cover: "Kayak® Pool Owners: We Carry a Complete Line of Parts and Supplies for Your Pool." Kayak also alleged that Island Pools put its own name on a Kayak installation and repair video it mailed to its customers, thus suggesting that the product shown in the video was sold by Island Pools.

In March 2000, while the parties were discussing settlement per order of the court, Island Pools published its Spring–Summer 2000 catalogue, which contained statements similar to those Kayak objected to in the 1999 catalogue. The 2000 catalogue also contained cartoons stating that Island Pools was not affiliated with Kayak and a disclaimer inside its front cover that read "Island Pools is not affiliated with New Kayak Pool Corporation or Kayak Pools. This allows us to offer the same high quality parts and accessories, at better prices, without paying for the name."

As a result of the 2000 catalogue, Kayak moved for preliminary injunctive relief on May 1, 2000, seeking to enjoin Island Pools from using the Kayak mark in any advertising, promotional, or marketing materials during the pendency of the litigation. On July 27, 2000, the district court denied the injunction. This appeal followed.

### DISCUSSION

■■■ To succeed on a preliminary injunction motion, a party must demonstrate a likelihood of irreparable injury if the injunction is not granted, as well as a likelihood of success on the merits of the underlying action. *See Federal Express Corp. v. Federal Espresso, Inc.*, 201 F.3d 168, 173 (2d Cir.2000). In Lanham Act cases such as this one, where the plaintiff has a protected mark, "a showing of likelihood of confusion establishes both a likelihood of success on the merits and irreparable harm." *Hasbro, Inc. v. Lanard Toys, Ltd.*, 858 F.2d 70, 73 (2d Cir.1988). Thus, the central question before the district court here was whether Island Pools's use of the Kayak mark was likely to cause confusion among consumers as to the source of Island Pools's products.

■■■ In determining a likelihood of confusion, it has long been the practice of this

Circuit to apply the multi-factor balancing test articulated by Judge Friendly in *Polaroid Corp. v. Polarad Elecs. Corp.*, 287 F.2d 492, 495 (2d Cir.1961). *See Arrow Fastener Co. v. Stanley Works*, 59 F.3d 384, 391 (2d Cir.1995) ("Under the law of this Circuit, courts deciding whether a plaintiff has established likelihood of confusion must consider the eight [*Polaroid* ] factors."). Although we have recognized that the application of the *Polaroid* test need not be rigid, it is nevertheless "incumbent upon the district judge to engage in a deliberate review of each factor, and, if a factor is inapplicable to a case, to explain why." *Id.* at 400; *see also Thompson Med. Co. v. Pfizer Inc.*, 753 F.2d 208, 214 (2d Cir.1985) ("No single *Polaroid* factor is pre-eminent, nor can the presence or absence of one without analysis of the others, determine the outcome of an infringement suit.").

■■■ We review a denial of a preliminary injunction for abuse of discretion, "which occurs, *inter alia*, when the district court applies the wrong legal standard." *Genesee Brewing Co. v. Stroh Brewing Co.*, 124 F.3d 137, 142 (2d Cir.1997). In this case, the district court did not apply the Polaroid test to the facts before it, or even mention the test in its opinion. Thus, it cannot be said that the court engaged in a deliberate review of any, much less all, of the *Polaroid* factors as required under the law of this Circuit. As we stated in *Arrow Fastener:*

The steady application of *Polaroid* is critical to the proper development of trademark law, for it is only when the *Polaroid* factors are applied consistently and clearly over time that the relevant distinctions between different factual configurations can emerge. Litigants are entitled to the illumination and guidance this common-law process affords, and appellate courts depend on it for the

performance of their assigned task of review.... The efficacy of the multi-factor approach ... depends on thorough, careful, and consistent application of the doctrine by district courts.

59 F.3d at 400. We therefore must vacate the court's denial of a preliminary injunction to Kayak and remand the case for the necessary application of the *Polaroid* test.[1]

### CONCLUSION

In light of the foregoing, we vacate and remand for further consideration.

1. On remand, we urge the district court to give particular consideration to the question whether the disclaimer in Island Pools's Spring–Summer 2000 catalogue, which states that Island Pools offers "the same high quality parts and accessories" as Kayak, would be more likely to create consumer confusion than eliminate it.