GEORGE V RESTAURATION S.A. et al., Appellants, v LITTLE REST TWELVE, INC., Respondent. [871 NYS2d 65]—

Order, Supreme Court, New York County (Bernard J. Fried, J.), entered April 23, 2008, as amended April 28, 2008, which denied plaintiffs' motion for a preliminary injunction, unanimously reversed, on the law, with costs, the motion granted, and the matter remanded for further proceedings. Appeal from order, same court and Justice, entered July 17, 2008, which, to the extent appealed from, denied plaintiffs' motion to renew on the prior order, unanimously dismissed, without costs, as academic.

Plaintiffs, one of which holds the federally registered trademarks "Buddha Bar" and "Buddha-Bar," seek injunctive relief in connection with defendant's operation of an Asian-themed restaurant/bar under the name "Buddha Bar NYC." While the parties dispute whether defendant's use of the trademark and associated trade dress was pursuant to a written agreement, the following facts are uncontested: plaintiffs, affiliated entities or both have owned and operated the "Buddha Bar Paris" since 1996; in 2005, one of plaintiffs' principals gave defendant the idea of using the Buddha Bar mark and its associated concept, for which defendant paid royalty fees to plaintiffs; and up until the initiation of this litigation, defendant advertised Buddha Bar NYC's affiliation with Buddha Bar Paris, a connection noted in the media. Therefore, regardless of whether or not defendant's use was pursuant to a written agreement, it acted as a licensee, and upon termination of the license, its continued use of the brand constituted infringing conduct.

Plaintiffs have established a likelihood of success on the merits of their trademark claims arising from defendant's infringing conduct. In a trademark infringement action, "a showing of likelihood of confusion establishes both a likelihood of success on the merits and irreparable harm" (Hasbro, Inc. v Lanard Toys, Ltd., 858 F2d 70, 73 [2d Cir 1988]). Irreparable harm was established inasmuch as a former licensee's use cre-

ates "an increased danger that consumers will be confused and believe that the former licensee is still an authorized representative of the trademark holder" (*Sunward Elecs., Inc. v McDonald*, 362 F3d 17, 25 [2d Cir 2004]). In such a case, "the reasons for issuing a preliminary injunction for trademark infringement are more compelling than in the ordinary case. When in the licensing context unlawful use and consumer confusion have been demonstrated, a finding of irreparable harm is automatic" (*Church of Scientology Intl. v Elmira Mission of Church of Scientology*, 794 F2d 38, 42 [2d Cir 1986]).

In trademark cases, the likelihood of confusion is determined under an objective, eight-factor test that requires the court to consider, inter alia, "the strength of [plaintiff's mark], the degree of similarity between the two marks, the proximity of the products, the likelihood that the prior owner will bridge the gap, actual confusion, and the reciprocal of defendant's good faith in adopting its own mark, the quality of defendant's product, and the sophistication of the buyers" (*Polaroid Corp. v Polarad Elecs. Corp.*, 287 F2d 492, 495 [2d Cir 1961], *cert denied* 368 US 820 [1961]). In ruling on injunctive relief here, the court should have applied the *Polaroid* test (*see New Kayak Pool Corp. v R & P Pools, Inc.*, 246 F3d 183, 185-186 [2d Cir 2001]).

Application of the *Polaroid* factors herein necessarily leads to a finding of likely confusion, namely, as to the strength of the mark as evidenced by plaintiffs' ability to license it to others, references to the mark in the media, defendant's use of the identical mark, defendant's prior association with Buddha Bar Paris in advertising campaigns and on its Web site, and defendant's use of the mark in the identical manner as plaintiffs'. The established association between the Buddha Bars in New York and Paris and the resultant likelihood of confusion cannot be undone by a small disclaimer at the bottom of the entry page to Buddha Bar NYC's Web site.

Having thus established both a likelihood of success on the merits and the possibility of irreparable harm, plaintiffs should have been granted a preliminary injunction. Concur—Saxe, J.P., Nardelli, Buckley, Moskowitz and Renwick, JJ. [*See* 19 Misc 3d 1125(A), 2008 NY Slip Op 50850(U).]