22-713-cv
MidCap Bus. Credit, LLC v. MidCap Fin. Tr.

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of November, two thousand twenty-two.

PRESENT:  RAYMOND J. LOHIER, JR.,
          SUSAN L. CARNEY,
          SARAH A. L. MERRIAM,
               *Circuit Judges*.

------------------------------------------------------------------

MIDCAP BUSINESS CREDIT, LLC,

               *Plaintiff-Appellant*,

          v.                                        No. 22-713-cv

MIDCAP FINANCIAL TRUST, MIDCAP
FINANCIAL SERVICES, LLC, MIDCAP
FINANCIAL SERVICES CAPITAL
MANAGEMENT, LLC, MIDCAP FINCO
DESIGNATED ACTIVITY COMPANY, APOLLO
CAPITAL MANAGEMENT, L.P.,

*Defendants-Appellees*.

-------------------------------------------------------------------

FOR APPELLANT: LISA PEARSON, Kilpatrick Townsend & Stockton LLP, New York, NY (Adam H. Charnes, Kilpatrick Townsend & Stockton LLP, Dallas, TX, Kurtis G. Anderson, Kilpatrick Townsend & Stockton LLP, Atlanta, GA, *on the brief*)

FOR APPELLEES: JAMES J. PASTORE, JR. (Jared I. Kagan, *on the brief*), Debevoise & Plimpton LLP, New York, NY

Appeal from a judgment of the United States District Court for the Southern District of New York (Alvin K. Hellerstein, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is VACATED in part and AFFIRMED in part, and the case is REMANDED for further proceedings.

Plaintiff-Appellant MidCap Business Credit, LLC ("Plaintiff") appeals from a March 8, 2022 judgment of the United States District Court for the Southern District of New York (Hellerstein, J.) insofar as it dismissed Plaintiff's federal trademark infringement and unfair competition claims against

Defendants-Appellees MidCap Financial Trust, MidCap Financial Services, LLC, MidCap Financial Services Capital Management, LLC, MidCap FinCo Designated Activity Company, and Apollo Capital Management, L.P. (together, "Defendants"). We assume the parties' familiarity with the underlying facts and the prior record of the proceedings, to which we refer only as necessary to explain our decision to vacate and remand in part and affirm in part.

A plaintiff alleging trademark infringement in violation of the Lanham Act must demonstrate that (1) its trademark is valid and entitled to protection and (2) the contested use of the trademark is likely to cause confusion among consumers. See Hamilton Int'l Ltd. v. Vortic LLC, 13 F.4th 264, 271 (2d Cir. 2021). Like the District Court, we first analyze Plaintiff's claims based on its registered trademark "MIDCAP BUSINESS CREDIT," and then proceed to analyze its claims based on its unregistered purported mark, "MIDCAP."

I. The Registered Trademark

In 2015 the United States Patent and Trademark Office registered Plaintiff's mark "MIDCAP BUSINESS CREDIT." App'x 36. "[A] registered mark in continuous use for a five-year period," like Plaintiff's registered mark,

"is presumptively valid" and entitled to protection. Malletier v. Burlington Coat Factory Warehouse Corp., 426 F.3d 532, 534-35 (2d Cir. 2005) (citing 15 U.S.C. § 1065). "Once a claimant has demonstrated that it has a valid mark, it must then prove that numerous ordinary prudent purchasers are likely to be misled or confused as to the source of the product in question because of the entrance in the marketplace of [the] defendant's mark." Morningside Grp. Ltd. v. Morningside Cap. Grp., L.L.C., 182 F.3d 133, 138 (2d Cir. 1999) (quotation marks omitted).

To determine whether there is a likelihood of consumer confusion, we consider the eight non-exclusive factors that our Court set out in Polaroid Corp. v. Polarad Electronics Corp., 287 F.2d 492, 495 (2d Cir. 1961). See Hamilton Int'l Ltd., 13 F.4th at 272. We have never suggested that "district courts must slavishly recite the litany of all eight Polaroid factors in each and every case." Orient Express Trading Co. v. Federated Dep't Stores, Inc., 842 F.2d 650, 654 (2d Cir. 1988). But we have emphasized that in the mine run of cases it is "incumbent upon the district judge to engage in a deliberate review of each factor, and, if a factor is inapplicable to a case, to explain why." New Kayak

4

*Pool Corp. v. R&P Pools, Inc.*, 246 F.3d 183, 185 (2d Cir. 2001) (quotation marks omitted); *see* *Natural Organics, Inc. v. Nutraceutical Corp.*, 426 F.3d 576, 578-79 (2d Cir. 2005) (concluding that the district court erred because it "should have made a finding with respect to each *Polaroid* factor, but failed to do so").

Here, the District Court focused almost entirely on a single *Polaroid* factor: the degree of similarity between the two marks. After comparing the marks side-by-side, with a focus on their logos, it concluded that "because the parties' uses of [the marks] are so dissimilar in font, colors, and arrangement, Defendants are entitled to judgment as a matter of law." App'x 233 (quotation marks omitted). We conclude that the District Court's analysis of the similarity factor was flawed because it "based its determination that confusion . . . was unlikely . . . on an overemphasized side-by-side comparison" of the marks. *Malletier v. Dooney & Bourke, Inc.*, 454 F.3d 108, 117 (2d Cir. 2006). The District Court's focus on the distinctions between the design elements of the logos ignored, for example, that the marks at issue are allegedly service marks that do not appear on product packaging and are meant to be heard as well as seen. Instead, the District Court should have, among other things, "analyze[d] the similarity of the

products in light of the way in which the marks are actually displayed in their purchasing context." Burlington Coat Factory Warehouse Corp., 426 F.3d at 538.

Defendants respond that the District Court in fact considered most of the Polaroid factors. They point out, for example, that in dismissing Plaintiff's claim under New York state law, the District Court evaluated whether Plaintiff had adequately alleged actual consumer confusion, as New York law requires. See App'x 240-41. We do not read the District Court's reference to actual consumer confusion under New York law as satisfying its obligation to consider the likelihood of confusion under Polaroid. Defendants pivot to argue that there are no allegations in the complaint relating to three of the eight Polaroid factors: intent in adopting the mark, quality of the services, and sophistication of the consumers. But the District Court did not rely on the absence of those allegations in determining that the Polaroid factors favored Defendants. Finally, Defendants have conceded for purposes of this appeal that their services are in direct competition with Plaintiff's and that the proximity of services Polaroid factor thus favors Plaintiff. Even so, the District Court failed to refer to

6

this factor in determining that Defendants' competing mark does not create a likelihood of confusion.

In summary, on this record, we cannot be confident that the District Court's likelihood-of-confusion analysis adequately considered the Polaroid factors. We therefore vacate the judgment as to Plaintiff's registered mark, "MIDCAP BUSINESS CREDIT," and remand the case for further proceedings consistent with this order. On remand, the District Court should "engage in a deliberate review of each factor, and, if a factor is inapplicable to a case, [it should] explain why." New Kayak, 246 F.3d at 185 (quotation marks omitted).

II. The Unregistered "MIDCAP" Mark

We find no error in the District Court's analysis of Plaintiff's claims of infringement based on the unregistered "MIDCAP" mark. We reject Plaintiff's argument that the mark is suggestive and we assume (as Defendants have done for purposes of this appeal) without deciding that the mark is descriptive rather than generic. To be entitled to trademark protection for a descriptive mark, Plaintiff had to plausibly allege secondary meaning. PaperCutter, Inc. v. Fay's Drug Co., 900 F.2d 558, 564 (2d Cir. 1990). The District Court adequately

7

evaluated the relevant factors in concluding that the complaint failed to do so. See Thompson Med. Co. v. Pfizer Inc., 753 F.2d 208, 217 (2d Cir. 1985) (outlining the six factors relevant to evaluating whether a mark has acquired secondary meaning).  We therefore affirm the judgment insofar as it dismisses Plaintiff's claims of infringement relating to the "MIDCAP" mark.

We have considered Plaintiff's remaining arguments, as well as Defendants' argument relating to laches, and conclude that they are without merit.  For the foregoing reasons, we VACATE the District Court's dismissal of Plaintiff's federal claims related to the "MIDCAP BUSINESS CREDIT" mark, and remand for further proceedings related to those claims.  The judgment of the District Court is AFFIRMED in all other respects.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

8